## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA Division

| | |
|---|---|
| **PACIFIC INTERNATIONAL MARKETING, INC., a California Corporation,**<br><br>  **Plaintiff,**<br><br> **vs.**<br><br> **A & B PRODUCE, INC., a Pennsylvania Corporation; and ANTHONY G. BADOLATO, an individual,**<br><br>  **Defendants.** | **Case No.: _____**<br><br><br> **CIVIL ACTION COMPLAINT** |

For its Complaint, Plaintiff respectfully states as follows:

### THE PARTIES

1.     Plaintiff is Pacific International Marketing, Inc. ("Pacific International"), a California Corporation with its principal place of business located at P.O. Box 3737, 740 Airport Blvd., Salinas, CA 93912.

2.     Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3.     Defendants are:

a)  A & B Produce, Inc. (the "Debtor" or "A & B Produce").

    Upon information and belief, A & B Produce is a

Pennsylvania Corporation with its principal place of business located at 3301 S. Galloway Street, Unit 65, Philadelphia, PA 19148.  Upon information and belief, the Debtor was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499a-499q (the "PACA").

b) Anthony G. Badolato, ("Badolato"), an individual, upon information and belief, is the President of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor.  Upon information and belief, Badolato is a resident of Blackwood, New Jersey.

4.      A & B Produce and Badolato will be collectively referred to as "Defendants."  Badolato at times will be referred to as the "Principal."

## JURISDICTION AND VENUE

5.      The District Court has jurisdiction over this civil action arising under §5(c)(5) of the PACA, 7 U.S.C. §499e(c)(5), pursuant to 28 U.S.C. §1331.  The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6.      Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## GENERAL ALLEGATIONS

7.      This action is brought to enforce the trust provisions of Section 5 of PACA, 7 U.S.C. §499e(c).

8.      From March 31, 2003 through April 30, 2003, Plaintiff sold to A & B Produce in interstate commerce, and A & B Produce purchased from Plaintiff, Produce in the total amount of $313,786.23. (See, PACA Trust Chart attached hereto as Exhibit A).

9.      Plaintiff delivered the produce to A & B Produce and A & B Produce accepted the Produce from Plaintiff.

10.     Defendants failed to pay for this Produce despite Plaintiff's repeated demands.

11.     Pursuant to PACA 7 U.S.C. §499e(c), Plaintiff is beneficiary of a statutory trust *res* designed as a fund from which it can be assured payment.

12.     Pursuant to PACA 7 U.S.C. §499e(c), at the time of A & B Produce's receipt of the Produce, Plaintiff became a beneficiary in the

PACA trust in the amount of $313,786.23. The PACA trust assets consist of all A & B Produce's produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of the Defendants since the creation of the trust ("PACA Trust Assets").

13.    Plaintiff gave written notices of intent to preserve trust benefits to A & B Produce in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to the Defendants.

14.    Plaintiff is a creditor, supplier and seller of Produce, as those terms are defined under the PACA and within the meaning of 7 U.S.C. §499e(c).

## CLAIMS FOR RELIEF

### COUNT I.
### DEFENDANT A & B PRODUCE

### ENFORCEMENT OF THE PACA TRUST
### *7 U.S.C. §499e(c)*

15.    Plaintiff re-alleges paragraphs 1 through 14 as if stated herein.

16.    A & B Produce is in possession, custody and control of PACA trust assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

17.    A & B Produce failed to pay Plaintiff from the PACA trust assets for the shipments of Produce listed above at paragraph 8.

18.    A & B Produce failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as the Plaintiff's unpaid claims asserted in this action.

19.    As a direct result of A & B Produce's failure to properly protect the PACA trust assets from dissipation, Plaintiff suffered damages which are covered under the PACA trust in the amount of $313,786.23, plus interest from the date each invoice became past due.

20.    Plaintiff seeks the entry of an Order directing A & B Produce to immediately turn over to the Plaintiff, as beneficiary of this trust, an amount of the PACA trust *res* equal to the sum of  $313,786.23, plus interest, costs and attorneys' fees.

**COUNT II.**
**DEFENDANT A & B PRODUCE**

**VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT: FAILURE TO PAY PROMPTLY AND TO MAINTAIN TRUST ASSETS**
*7 U.S.C. §499b(4) and 7 U.S.C. §499e(c)(2)*

21.    Plaintiff re-alleges paragraphs 1 through 20 as if stated herein.

22.    A & B Produce received each of the shipments of Produce identified in paragraph 8 above.

23.    A & B Produce failed to pay these invoices within payment terms.

24.    As a direct result of A & B Produce's failure to pay for each invoice within terms, the Plaintiff has incurred damages in the amount of $313,786.23.

25.    PACA requires all commission merchants, dealers, or brokers, who, during the course of a transaction, receive produce, inventories of food or other products derived from produce, and any receivables or proceeds from the sale of receivables, to hold such produce, products, or receivables in trust for the benefit of the unpaid supplier until payment for the transaction has been made to the unpaid supplier in full.

26.    A & B Produce has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as Plaintiff's unpaid claims asserted in this action.

27.    As a direct result of A & B Produce's failure to properly maintain and protect the PACA trust assets from dissipation, Plaintiff has

suffered damages which are covered under the PACA trust in the amount of $313,786.23, plus interest from the date each invoice became past due.

28.     Plaintiff seeks entry of an Order directing A & B Produce to immediately turnover to the Plaintiff, as beneficiary of this trust, or to an escrow agent designated by the Court, an amount of the PACA trust *res* equal to the sum of $313,786.23, so as to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims, such as Plaintiff's, plus interest, attorneys' fees and costs.

## COUNT III
## DEFENDANT A & B PRODUCE

### BREACH OF CONTRACT

29.     Plaintiff re-alleges paragraphs 1 through 28 as if stated herein.

30.     Plaintiff and A & B Produceentered into contracts under which Plaintiff agreed to sell the Produce and A & B Produce agreed to purchase the Produce, each of which is described in paragraph 8 above.

31.     A & B Produce failed to pay for each shipment of Produce in the aggregate amount of $313,786.23.

32.     Plaintiff seeks entry of an Order directing A & B Produce to immediately pay the sum of $313,786.23, plus interest, attorneys' fees and costs to the Plaintiff.

### COUNT IV

## THE PRINCIPAL - ANTHONY G. BADOLATO

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARY

33.     Plaintiff re-alleges paragraphs 1 through 32 as if stated herein.

34.     At all times relevant to this action, the Principal was the sole officer, director, and shareholder of A & B Produce.   The Principal is responsibly connected to A & B Produce within the meaning of 7 U.S.C. §499a(b)(9) of PACA.

35.     The Principal controlled, or had a duty to control, A & B Produce's operations and financial dealings, including those involving the PACA trust assets.

36.     The Principal had full knowledge and responsibility for the handling of A & B Produce's duties as trustee of the PACA trust.

37.     As the Principal of A & B Produce, Badolato had a duty to ensure A & B Produce fulfilled its duty as PACA trustee and maintained the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as that owed to Plaintiff.

38.     A & B Produce breached its fiduciary duty to maintain sufficient PACA trust assets to pay all PACA trust claims.

39.    The Principal breached his fiduciary duty to direct A & B Produce to fulfill its statutory trustee duties to preserve and maintain sufficient PACA trust assets to pay Plaintiff for the produce it supplied to A & B Produce.

40.    The Principal continues to hold any and all PACA Trust assets having come into his individual possession as trustee for Plaintiff's beneficial interest in the PACA Trust.

41.    The Principal is personally liable to Plaintiff for his breach of fiduciary duty in dissipating the PACA trust to the extent of $313,786.23, plus interest, costs and attorneys' fees.

42.    Accordingly, the Plaintiff seeks entry of an Order directing the Principal to pay the sum of $313,786.23, less any monies Plaintiff receives from the PACA trust, plus interest, costs and attorneys' fees, to be satisfied from the Principal's personal assets.

**COUNT V**
**DEFENDANTS A & B PRODUCE AND BADOLATO**

**INTEREST AND ATTORNEYS' FEES**

43.    Plaintiff re-alleges paragraphs 1 through 42 as if stated herein.

44.    Pursuant to 7 U.S.C. § 499e(c)(2) of PACA and the regulations promulgated thereunder, Defendants were required under PACA to

maintain a trust in favor of Plaintiff in the total amount of $313,786.23 in order to make full payment to Plaintiff.

45.     The invoices sent by Plaintiff to A & B Produce with regard to the transactions at issue state, "In the event legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court cost . . . ."  Said invoices further state, "A monthly finance charge [pre-judgment interest] of 1 ½% will be assessed on invoices not receipted within stated terms."

46.     As a result of the failure of Defendants to maintain the PACA trust and to make full payment promptly to Plaintiff, Plaintiff has been required to pay attorneys' fees and costs, in order to bring this action to compel payment of the trust *res*, and to require Defendants to comply with their respective statutory duties.

47.     As a further result of the Defendants' failure to maintain the PACA trust and to make full payment promptly to Plaintiff, Plaintiff has lost the use of said money.

48.     Accordingly, the Plaintiff seeks entry of an Order directing Defendants, jointly and severally, to pay to Plaintiff, pre-judgment interest, costs and attorney's fees.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A)    Declaring the Defendants to be holding the above described PACA trust assets as Trustees for the sole and exclusive benefit of Plaintiff and other qualified PACA trust beneficiaries;

B)    Directing the Defendants to assign, transfer, deliver and turn over to Plaintiff, or a designated escrow agent, all of the above described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims;

C)    As to Counts I, II and III, entering a Final Judgment in favor of Plaintiff and against A & B Produce, in the amount of $313,786.23, plus pre-judgment and post-judgment interest, costs and attorneys' fees;

D)    As to Count IV, entering a Final Judgment in favor of Plaintiff and against the Principal in the amount of $313,786.23, plus pre-judgment and post-judgment interest, costs and attorneys'

fees, with a corresponding reduction for the amount of any

payment received upon Counts I, II or III of this Complaint;

E)    As to Count V, directing Defendants, jointly and severally, to

pay to Plaintiff, pre-judgment interest, costs and attorney's

fees; and

F)    Providing such other and further relief as the Court deems

appropriate upon consideration of this matter.


Respectfully submitted this _____ day of June, 2003.

**WHITEMAN BANKES & CHEBOT, LLC**

OF COUNSEL:
MEUERS LAW FIRM, P.L.            By: _____
Priscilla W. Grannis, Esq.            Jeffrey M. Chebot, Esq.
Fla. Bar No. 0055948                 PENNSYLVANIA Bar No.: 33430
5395 Park Central Court              Constitution Place, Suite 1300
Naples, Florida  34109               325 Chestnut Street
Telephone: (239) 513-9191            Philadelphia, PA
Facsimile:  (239) 513-9677           19106
                                     Telephone:  (215) 829-0014
                                     Facsimile: (215) 829- 0059

                                     Attorneys for Plaintiff