IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACIFIC INTERNATIONAL MARKETING, INC.; et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A & B PRODUCE, INC., et al. | : | NO. 03-3564 |

| | | |
|---|---|---|
| FRANK SPINGOLA & SONS, LTD. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A & B PRODUCE, INC., et al. | : | NO. 03-5556 |

## MEMORANDUM AND ORDER

M. FAITH ANGELL                                                    August 1, 2007
UNITED STATES MAGISTRATE JUDGE

On June 17, 2003, and on October 22, 2003, respectively, the Honorable Louis H. Pollak ordered that these matters be assigned to me for full pretrial management purposes and for seeking the consent of the parties for final resolution of the case by final judgment by me. On October 1, 2003, and on November 18, 2003, Judge Pollak ordered that these actions be referred to me for all further proceedings and the entry of judgment. *See* Docket Entries Nos. 6 and 13 for CA No. 03-3564 and Nos. 3 and 22 for CA No. 03-5556.

Presently before this court is the Motion of Plaintiffs, Pacific International Group[1] for Partial Summary Judgment against Defendant Anthony G. Badolato. In their Motion for Partial Summary Judgment, Plaintiffs argue that, as President and sole shareholder of A & B Produce, Inc. (A&B or A & B Produce), Mr. Badolato is individually liable under the Perishable Agricultural Commodities

---

[1]Plaintiffs Pacific International Group are: Pacific International Marketing, Inc.; Agri-Sales, Inc.; Blazer-Wilkinson, LLC; Bonipak Produce Co.; Centre Maraicher Eugene Guinois, Inc.; Desert Fresh, Inc.; J & R Orchards; and Walden-Sparkman, Inc.

Act of 1930 (PACA)[2] to Plaintiffs for $603,496.51, the unpaid portion of their PACA trust claims. *See* Plaintiffs' Memorandum of Law in Support of the Pacific International Group's Motion for Partial Summary Judgment against Anthony G. Badolato[3]. Mr. Badolato has not rebutted Plaintiffs' evidence nor has he opposed the granting of summary judgment in any manner whatsoever. Upon consideration of this motion, the record, and the applicable caselaw, and as discussed more fully below, Plaintiffs' motion will be granted.

## I. PACA

As I explained in a previous memorandum and order in this matter,

> PACA was passed into law to encourage fair trading in the marketing of produce and to prevent unfair and fraudulent practices in the industry. *See* H.R. Rep. No. 543, 1984 U.S.C.C.A.N. 405, 406; *see also* Plaintiffs' Opposition to Administrative Expense Claim of Intervenor Excel Transportation Services, Inc. at 1-2. The Act was amended in 1984 by the creation of a statutory trust "to increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due have been received by them". 1984 U.S.C.C.A.N. at 406.

> > Under the 1984 provision, a buyer's produce, products derived from that produce, and the proceeds gained therefrom are held in a non-segregated, floating trust for the benefit of unpaid suppliers who have met the applicable statutory requirements. *See* 7 U.S.C. § 499e(c); 7 C.F.R. § 46.46(b). Thus, the provision gives certain unpaid sellers of produce an interest in the PACA trust assets superior to that of a perfected, secured creditor. *Idahoan Fresh v. Advantage Produce*, 157 F.3d 198, 199 (3d Cir. 1998).

> > Though United States District Courts maintain jurisdiction to hear actions by trust beneficiaries to enforce payment from the trust and actions by the Secretary to prevent and restrain the dissipation of

---

[2] 7 U.S.C. §§ 499a-499t.

[3] Hereinafter Plaintiffs' Memo.

the trust, *see* 7 U.S.C. § 499e(c)(4), "PACA contains no mechanism for the administration and distribution of trust assets". *In the Matter of United Fruit and Produce Co., Inc.,* 119 R.R. 10, 11 (Bankr. 1990).

In order to implement a procedure for the administration of the PACA Trust in the instant matter, a Stipulation and Agreed order for Preliminary Injunction and PACA Claims Procedure was entered on September 30, 2003. Pursuant to that Order, the PACA Trust Assets of A & B Produce were to be identified, liquidated, and distributed to A & B Produce's qualified PACA trust beneficiaries on a pro-rata basis. Kenneth Federman, Esquire was appointed the PACA Trustee responsible for identification, recovery and liquidation of A & B Produce's assets.

*Pacific International Marketing, Inc., et al. v. A & B Produce, Inc., et al.,* CA No. 03-3564, Memorandum and Order, 1-2 (E.D.Pa, July 20, 2004).

## II. FACTUAL BACKGROUND[4]

I begin by presenting the facts, drawing all reasonable inferences in favor of Mr. Badolato, the non-moving party. *See, e.g., Hamilton v. Leavy, et al.*, 322 F.3d 776. 782, n. 4 (3d Cir. 2003); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

The following facts are submitted by Plaintiffs as undisputed, and Mr. Badolato has not expressed any opposition to them.

1. Jurisdiction is proper in this Court under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over PIM Plaintiffs' other claims pursuant to 28 U.S.C. §1367(a). *Pacific International Marketing, Inc., et al.'s First Amended Complaint (hereinafter the "Complaint")*, ¶5.

2. Venue is proper in this Court because a substantial part of the

---

[4]The factual history is compiled from a review of the complaints, amended complaints, intervenor complaints, and their respective answers, as well as Plaintiffs' motion for partial summary judgment against Anthony Badolato, the declarations of Lawrence H. Meuers, Esquire and Mike Hughes regarding the motion, the statement of undisputed facts, the memorandum of law in support of the motion, and the court record. All facts, and reasonable inferences therefrom, are considered in the light most favorable to the non-moving party.

events or omissions giving rise to PIM Plaintiffs' claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district. *Complaint,* ¶6.

3.   The Pacific International Group is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce. *Complaint,* ¶2.

4.   A & B Produce, Inc. ("A & B Produce") was a Pennsylvania Corporation with its principal place of business located at 3301 S. Galloway Street, Unit 65, Philadelphia, PA 19148. *Complaint,* ¶*3(a). See, Declaration of Lawrence H. Meuers in Support of Pacific International Group's Motion for Partial Summary Judgment,* ¶11. ("*Meuers Declaration").*

5.   A & B Produce was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499t (the "PACA"). *Complaint, 3(a); Meuers Declaration,* ¶12.

6.   Initially, William P. Webber and Anthony Badolato were owners of all authorized, issued and outstanding shares of A & B Produce with Webber owning 51% of all shares and Anthony Badolato owning 49%. *Meuers Declaration,* ¶13.

7.   On February 28, 2003, Anthony Badolato purchased William Webber's shares, becoming the sole shareholder of A & B Produce. *Meuers Declaration,* ¶14.

8.   Thereafter, only Anthony Badolato's name appeared on A & B Produce's PACA License. *Meuers Declaration,* ¶15.

9.   On February 28, 2003, Anthony Badolato, on behalf of A & B Produce, entered into a Commercial Security Agreement and a Promissory Note with United Savings Bank. *Meuers Declaration,* ¶16.

10.   The Pacific International Group entered into contracts with A & B Produce wherein the Pacific International Group agreed to sell Produce and A & B Produce agreed to purchase the Produce. *Complaint, 3(a).*

11.   A & B Produce failed to pay for its contracts with the Pacific

4

International Group. *Complaint,* ¶10.

12.   On or about June 10, 2003, the original Plaintiff, Pacific International Marketing, Inc., commenced an action against Defendants, A & B Produce and its President, Anthony G. Badolato, to enforce its rights as a beneficiary under the trust provisions of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§499a-t ("PACA"). [Docket No. 1].

13.  Since A & B Produce was insolvent at or near the time that the District Court Proceeding was initiated, Pacific International Marketing, Inc. had a fiduciary duty to share any PACA Trust Assets recovered on a pro-rata basis with the other PACA Trust Beneficiaries of A & B Produce.

14.   This Court entered a Stipulation and Agreed Order for Preliminary Injunction and the PACA Claims Procedure in order to establish a procedure for identifying, liquidating and distributing the PACA Trust Assets of A & B Produce. [Docket No. 14].

15.  Pursuant to the PACA Claims Order, each member of the Pacific International Group timely filed a Complaint in Intervention and a PACA Proof of Claim. [Docket No. 24].

16.  All objections that were filed against the Pacific International Group's claims have been either withdrawn or resolved.

17.  All of A & B Produce's assets have been liquidated. *Meuers Declaration,* ¶7.

18.  Three distributions have been made throughout the case, leaving each member of the Pacific International Group with valid unpaid PACA Trust claims against A & B Produce in the following amounts:

| | | |
|---|---|---|
| Agri-Sales, Inc. | $ | 280,653.86 |
| Blazer-Wilkinson, LLC | $ | 20,707.13 |
| Bonipak Produce Co. | $ | 42,942.17 |
| Centre Maraicher Eugene Guinois,Inc. | $ | 64,741.86 |
| Desert Fresh, Inc. | $ | 9,399.98 |
| J & R Orchards | $ | 16,258.38 |
| Pacific International Marketing | $ | 156,711.55 |
| Walden-Sparkman, Inc. | $ | 12,081.58 |
| | | |
| TOTAL VALID PACA CLAIMS | $ | 603,496.51 |

5

*Meuers Declaration,* ¶8.

19.  Each member of the Pacific International Group has obtained a Judgment against A & B Produce in the amount of $603,496.51. [Docket No. 122]; *Meuers Declaration,* ¶9.

20.  Badolato was the only person in a position to control the PACA trust assets of A & B Produce.  *See, Declaration of Michael Hughes in Support of Pacific International Group's Motion for Partial Summary Judgment,* ¶7.  ("Hughes Declaration").

21.  Anthony Badolato was the only person who placed orders of Produce on A & B Produce's behalf.  *Hughes Declaration,* ¶8.

22.  Anthony Badolato was involved in deciding the price of the Produce A & B purchased.  *Hughes Declaration,* ¶9.

23.  Anthony Badolato was the only person who contacted a produce creditor with any problems to the Produce's condition upon arrival. *Hughes Declaration,* ¶10.

24.  Anthony Badolato informed A & B Produce's customers to ship all of the produce A & B purchased to its warehouse at 3301 S. Galloway Street, Unit 65, Philadelphia, Pennsylvania.  *Hughes Declaration,* ¶11.

25.  Anthony Badolato was the individual who decided whether to accept or reject the produce upon A & B Produce's receipt.  *Hughes Deposition*, ¶12.

26.  Checks issued from A & B Produce's bank account at United Savings Bank were signed by Anthony Badolato.  *Hughes Declaration,* ¶ 17.

27.  Anthony Badolato was the individual who decided what creditors received payment.  *Hughes Declaration,* ¶14.

Statement of Undisputed Facts [Docket Entry No. 130].

### III.  <u>MOTION FOR SUMMARY JUDGMENT</u>

In the instant partial motion for summary judgment, Plaintiffs argue that Anthony Badolato,

as sole shareholder of A & B. Produce, is individually liable under PACA to the Pacific International Group for the $603,496.51 unpaid portion of their PACA trust claims.  *See* Plaintiffs' Memo at 3.

## IV.  <u>DISCUSSION</u>

### A.  **Legal Standards**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law".  Fed.R.Civ.P. 56(c).

"An issue is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Moyer v. Borough of North Wales,* 2001 WL 73428 at *1 (E.D.Pa., January 25, 2001) (*citing Anderson v. Liberty, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986)).  "A factual dispute is 'material' if it might affect the outcome of the case under governing law."  *Id.*

The party seeking summary judgment always bears the initial responsibility for informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact."  *Moyer v. Borough of North Wales*, 2001 WL 73428 at *1 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  After the moving party has met its initial burden, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial".  *Id.*  "Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Id.*

On summary judgment, it is not the court's role to weigh the disputed evidence and decide

which is more probative.  "When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment and resolve all reasonable inferences in that party's favor."  *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

### B.  Analysis

"Congress enacted PACA in 1930 to deter unfair business practices and promote financial responsibility in the perishable agricultural goods market."  *Weis-Buy Services, Inc. v. Paglia, Jr.*, 411 F.3d 415, 419 (3d Cir. 2005) (*quoting Farley and Calfree, Inc. v. United States Dep't. of Agric.*, 941 F.2d 964, 966 (9th Cir. 1991)).  "The Act was amended in 1984 upon a finding by Congress that a burden on commerce in perishable agricultural commodities was caused by certain financial arrangements, whereby dealers would receive goods without having made payment for them.  To remedy this burden, Congress provided for a statutory trust on behalf of unpaid suppliers or sellers."  *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F.Supp. 346, 347 (S.D.N.Y. 1993).

Under PACA, "[c]ommission merchants, dealers and brokers are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities.  Any act or omission which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of Section 2 of the Act, 7 U.S.C. §499(b)".  7 C.F.R. §46.46(d)(1).  It is undisputed that A & B was a "dealer" according to PACA, and, in my January 11, 2007 decision, I found the entities comprising the Pacific International Marketing Group to be valid trust beneficiaries.

The question now before me is whether, under PACA, an individual can be held liable to unpaid sellers for a corporation's debt.  The Third Circuit is in accord with the First, Fifth, Seventh,

8

and Ninth Circuits in holding individual corporate officers and shareholders, in certain circumstances, may be held individually liable for breaching their fiduciary duties under PACA. *See Weis-Buy Services, Inc.,* 411 F.3d at 421. *See also Botman International, B.V. v. International Produce Imports, Inc.,* 205 Fed.Appx. 937, 942 (3d Cir. 2006). ". . . PACA liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust." *Shepard v. K. B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706 (E.D.Pa. 1994). *See also Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280 (9th Cir. 1997); *Patterson Frozen Foods, Inc. v. Crown Foods International, Inc.*, 307 F.3d 666 (7th Cir. 2002); *Hiller Cranberry Products, Inc. v. Koplovsky*, 165 F.3d 1, 9 (1st Cir. 1999). The court in *Shepard* concluded that "the liability determination of individual shareholders should be based on two factors: (1) whether the individuals' involvement with the corporation was sufficient to establish legal responsibility, and (2) whether the individuals, in failing to exercise any appreciable oversight of the corporation's management, breached a fiduciary duty owed to the PACA creditors". *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 350 (5th Cir. 2000).

The record establishes that, at the time A & B Produce entered into these contracts with Plaintiffs, Mr. Badolato was the President and sole shareholder of A & B Produce. He was the only person placing orders for produce on the company's behalf and was involved in deciding the price of the produce A & B purchased. He directed his customers to ship all produce ordered by A & B to the company warehouse in Philadelphia, and he was the individual who decided whether to accept or reject the produce upon A & B's receipt of the goods. Checks issued from A & B's bank account at United Savings Bank to pay for A & B's produce purchases were signed by Mr. Badolato, and he

decided which creditors would receive payment.  The facts reveal that Mr. Badolato was not just an individual who was in a position to control the PACA trust assets of A & B, he was the *only* person to control these assets and was in exclusive control of the day-to-day operations of the company.

I entered a judgment against A & B Produce on January 11, 2007, in the amount of $951,831.95.  After an insolvent A & B Produce made three distributions in accordance with that judgment, it still owed $603,496.51.  A & B Produce does not have the funds to pay the balance of this judgment.  Mr. Badolato failed to maintain the trust assets in a manner that would have allowed A & B Produce to satisfy the claims of the Pacific International Group as required by PACA. Furthermore, he has provided no evidence that he took any steps to ensure the full payment to the Pacific International Group of the PACA Trust Assets of A & B Produce.  He, in fact,  failed to fully pay Plaintiffs with A & B Produce PACA Trust Assets.  This failure to ensure that A & B Produce maintained and preserved PACA trust assets to pay the Pacific International Group in full is a breach of Mr. Badolato's fiduciary duty under PACA, and I find that he is personally liable for the balance of the January 11, 2007 judgment to Plaintiffs.   Summary judgment in favor of the Pacific International Group and against Anthony G. Badolato is proper herein.

## V.  CONCLUSION

Consistent with the above discussion, Plaintiffs' Motion for Partial Summary Judgment is granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACIFIC INTERNATIONAL MARKETING, INC., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A & B PRODUCE, INC., et al. | : | NO. 03-3564 |

| | | |
|---|---|---|
| FRANK SPINGOLA & SONS, LTD. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A. & B PRODUCE, INC., et al. | : | NO. 03-5556 |

**ORDER**

AND NOW, this 1st day of August, 2007, upon consideration of the Pacific International Group's motion for partial summary judgment against Anthony G. Badolato; the declarations of Lawrence H. Meuers, Esquire and Mike Hughes in support of the motion; the statement of undisputed facts; the memorandum of law in support of the motion; the lack of response to the motion by Anthony G. Badolato, and consistent with the above discussion, it is hereby **ORDERED** that:

1. The Pacific International Group's Motion for Partial Summary Judgment against Anthony G. Badolato (Docket Entry No. 127) is **GRANTED.**

2. Judgment is entered in favor of the Pacific International Group and against the Defendant, Anthony G. Badolato, in the following amounts:

| | | |
|---|---|---|
| Agri-Sales, Inc. | $ | 280,653.86 |
| Blazer-Wilkinson, LLC | $ | 20,707.13 |
| Bonipak Produce Co. | $ | 42,942.17 |
| Centre Maraicher Eugene Guinois, Inc. | $ | 64,741.86 |
| Desert Fresh, Inc. | $ | 9,399.98 |
| J & R Orchards | $ | 16,258.38 |
| Pacific International Marketing | $ | 156,711.55 |
| Walden-Sparkman, Inc. | $ | 12,081.58. |

3. Post-judgment interest shall accrue on the above individual amounts at the current rate per annum pursuant to 28 U.S.C. §1961 from the date of the entry of this Judgment until paid in full.

4. The Court directs entry of Judgment against Defendant, Anthony G. Badolato, as provided in Rule 54(b) Fed.R.Civ.P. The Pacific International Group are not parties to any pending

counterclaims or cross claims, and the rights between the Pacific International Group and the Defendant Anthony G. Badolato, cannot be affected by the continued proceeding among any other parties.  Accordingly, there is no just reason for delay in entering a Final Judgment in favor of the Pacific International Group.

     5.  The above-captioned actions are CLOSED.

BY THE COURT:

 S/M. FAITH ANGELL               
_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE